UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV8-J

BRENDA NUCKOLS                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
       Commissioner of Social Security                                   DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Brenda Nuckols ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On April 15, 2003, Claimant filed application for disability insurance benefits and supplemental security income payments,[1] alleging that she became disabled as of August 28, 1996.[2] After a hearing, Administrative Law Judge Ronald Kayser ("ALJ") determined that plaintiff did not suffer from any severe impairment and could perform her past relevant work. This became the final decision of the Defendant when the Appeals Council denied review on November 13, 2007.

---

[1] For purposes of the disability insurance benefits inquiry, plaintiff's fully insured status expired at the end of 2001.

[2] Plaintiff's previous application was denied on June 26, 1998; that denial is res judicata for the period prior to that decision.

1

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process.

1. The claimant must not be engaged in substantial gainful activity.

2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

3. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

4. The claimant must be unable to do his or her past relevant work.

5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

In the current case, the sequential process might have terminated at Step Two when the ALJ determined that plaintiff had failed to carry her burden of showing that she suffered from an impairment that is "severe." However, the ALJ proceeded with determinations that plaintiff could perform her previous work and that she could do other work (i.e., Steps Four and Five). It should be noted that plaintiff conceded at the hearing that this is not a Step Three "Listings" case. Tr. 309.

The regulations provide that if the claimant's degree of limitation is none or mild, the Commissioner will conclude the impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d). The purpose of the second step of the sequential analysis is to enable the Commissioner to screen out "totally groundless claims." Farris v. Sec'y of HHS, 773 F.2d 85, 89 (6th Cir.1985). The Sixth Circuit has construed the step two severity regulation as a " de minimis hurdle" in the disability determination process. Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988). If an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ is required to treat it as "severe." SSR 96-3p (July 2, 1996).

Plaintiff contends that substantial evidence fails to support the ALJ's Step Two determination that she does not have an impairment causing more than a minimal limitation in ability to do basic work activities. Ms. Nuckols complains of low back pain. She points to an August 1996 emergency room report that diagnosed muscular low back strain. Tr. 134. On initial assessment in February of 1997, physical therapy recorded reduced ranges of motion, reports of

pain, slightly decreased lower extremity strengths, and no tenderness with palpation.  Tr. 170-171. The record does not include any concluding assessment from the physical therapist.

The record includes notes of May and June 1997 visits to neurosurgeon Dr. Villanueva after her physical therapy.  These record his advice to her to stop using her cane because "that would make her feel worse than she really is," his diagnosis that she has "chronic low back pain syndrome" and a "very small central L4-5 disc herniation" that would not benefit from surgical intervention, and his opinion that she could be released to the workforce with no specific restrictions.  Tr. 143. Dr. Feltner, who affirmed that he first saw Ms. Nuckols in February of 1993 and last saw her in September of 2002, reported that she had no known physical or mental impairment and normal musculoskeletal and neurological findings.  Tr. 197.

Thus, between June of 1998 and January of 2002, the period relevant to the disability insurance benefits inquiry, there is no medical evidence of a severe back problem.  Plaintiff saw Dr. Shuffett in 1997-1998 primarily for a gastrointestinal complaint, during the course of which he noted her complaints of back pain, but did not record any clinical observations (Tr. 241).  She did not see him for the five years between March of 1998 and March of 2003.  When she returned in 2003, she complained of back pain, but again the records fail to note any clinical observations.  Tr. 240.  Seven months later, she returned to Dr. Shuffett, but not due to back complaints.  Tr. 239.  During this entire period of time, Dr. Shuffett did not note any physical restrictions, nor did he prescribe any pain medication.  In March of 2004, he advised her to take ibuprofen.  Tr. 235.  In April of 2004, Dr. Shuffett submitted a letter to plaintiff's counsel regarding his patient, but he did not mention the back complaints at all.  Tr. 234.

Consultant examination by Dr. Schapera in June of 2003 was "unremarkable" apart from her

4

obesity and hypertension. He recorded good range of motion, normal gait and ability to stand on either foot, and standard ability to squat. His impression was mild chronic low back pain. Tr. 200. Radiological studies revealed normal spinal alignment, with slight narrowing at L4-5 and L5-S1. Tr. 202. Considering the record as a whole, the Court concludes that substantial evidence supports the ALJ's determination that plaintiff did not have a physical impairment causing more than minimal limitation on her ability to do basic work activities.

Plaintiff also asserts that she suffers from a severe mental impairment. In support of this claim, she relies upon the opinion of Dr. Shuffett, a general practitioner who also has a specialization in substance abuse. In 1997, Dr. Shuffett recommended hospitalization to treat what he referred to as either an obsessive compulsive disorder or schizoaffective disorder. Tr. 241-243. As noted above, plaintiff did not return to Dr. Shuffett until March of 2003. The records from that point do not mention any psychiatric problem. Dr. Shuffett's April 2004 letter to counsel recounts the treatment history (as set out above), and concludes, "This situation from my prospective [sic] suggests that Brenda was completely and totally disabled as far back as 1997 for significant psychiatric illness." Tr. 234. The bare and unsupported statement of "completely and totally disabled" is not a medical opinion and is not entitled to any particular weight: The finding of disability is made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2). Given the res judicata effect of the previous decision, Dr. Shuffett's records before June 1998 are not relevant to the current inquiry, and his records since her return to him in 2003 do not support the existence of any mental impairment. Plaintiff submitted no other medical evidence in support of a claim of a severe mental impairment.

The disability benefits claimant must always bear the ultimate burden of establishing

disability.  Key v. Callahan, 109 F.3d 270 (6th Cir. 1997), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990).  In the current case, there is no legal error, and substantial evidence supports the ALJ's conclusion that Ms. Nuckols failed to establish the existence of a severe impairment.  Accordingly, this Court must affirm the decision.